**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RYAN WESTON, | : |
| Plaintiff, | : Hon._____, U.S.D.J. |
| v. | : |
| JESSE PICKERING, | : Civil Action No.: _____ |
| Defendant. | : |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Jesse Pickering ("Defendant"), in accordance with 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby files this Notice of Removal, removing the action captioned *Ryan Weston v. Jesse Pickering*, bearing Docket Number 2025-C-5046 and originally filed by Plaintiff Ryan Weston ("Plaintiff") in the Court of Common Pleas of Lehigh County, Pennsylvania (the "State Court Action"), to the United States District Court for the Eastern District of Pennsylvania, and state as follows:

**I.     BACKGROUND**

1. On December 2, 2025, Plaintiff commenced the State Court Action by filing a Complaint against Defendant in the Court of Common Pleas of Lehigh County, Pennsylvania. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint and the accompanying process served on Defendant is attached hereto as **Exhibit A**.

2. Plaintiff's Complaint alleges disability discrimination and constructive discharge in violation of the Pennsylvania Medical Marijuana Act, 35 P.S. 10231.101, *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* (the "ADA"); and the common law of the Commonwealth of Pennsylvania.

**II.     TIMELINESS OF REMOVAL**

3.     Defendant was served with the Complaint on December 17, 2025.

4.     In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is filed within thirty (30) days of service.

5.     As of the date of this filing, Defendant has not filed any answer or other responsive pleading in the Court of Common Pleas of Lehigh County, Pennsylvania.

**III.    BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

6.     "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

7.     Plaintiff asserts a claim under the ADA, a federal civil rights law that prohibits discrimination on the basis of disability.

8.     Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's Complaint because Plaintiff's ADA claim, which is central to his Complaint, arises under federal law.

9.     "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

10.    In addition to the ADA claim, Plaintiff alleges violations of the Pennsylvania Medical Marijuana Act and the common law of the Commonwealth of Pennsylvania (the "State-Law Claims").

11.    Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the State-Law Claims because they derive from a "common nucleus of operative fact" shared with the

ADA claim. *See Pennsylvania by Shapiro v. Mariner Fin., LLC*, 711 F. Supp. 3d 463 (E.D. Pa. 2024) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

## IV. VENUE

12. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

13. "A civil action may be brought in … a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …" 28 U.S.C. § 1391(b)(2).

14. Pursuant to 28 U.S.C. § 1441(a), venue is proper because the State Court Action lies within the "district and division embracing the place where such action is pending."

15. Pursuant to 28 U.S.C. § 1391(b)(2), venue is also proper because as a substantial part of the events or omissions alleged in Plaintiff's Complaint occurred within this district.

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

16. "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action*." 28 U.S.C. § 1446(a) (emphasis added).

17. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Defendant is attached hereto. *See* **Exhibit A**.

18. In compliance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice thereof to Plaintiff.

19. In compliance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Lehigh County, Pennsylvania, in the form attached hereto as **Exhibit B**.

20. Defendant files this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has stated claims upon which relief may be granted, and without conceding that Plaintiff is entitled to any damages whatsoever.

**WHEREFORE**, Defendant respectfully requests that the United States District Court for the Eastern District of Pennsylvania accept the removal of this action from the Court of Common Pleas of Lehigh County, Pennsylvania, and direct that the Court of Common Pleas of Lehigh County, Pennsylvania have no further jurisdiction over this matter.

Respectfully submitted,

**JACKSON LEWIS P.C.**

Dated: January 5, 2026

*/s/ Vincent M. Silvanio*
Vincent M. Silvanio (PA Bar No. 329825)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319- 7815
vincent.silvanio@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January, 2026, I caused a true and correct copy of *Defendant's Notice of Removal*, *Notice of Compliance*, *Civil Cover Sheet*, *Designation Form*, and this *Certificate of Service* to be served via the Court's e-filing system and regular mail upon the following:

Ryan Weston
324 Burrell Boulevard
Allentown, PA 18104
*Plaintiff (Pro Se)*

**JACKSON LEWIS P.C.**

*/s/ Vincent M. Silvanio*
Vincent M. Silvanio (PA Bar I.D. 329825)

4920-5649-0118, v. 2